IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SUNTRUST BANK, )
)
    Plaintiff, )
)
)
v. ) Civil Action No: 1:11-CV-132
) Collier/Lee
TAYLORMADE CREATIONS, INC., )
PATRICK FULTZ, STEVE FULTZ, and )
STEVEN A. HOOPER, )
)
    Defendants. )

## COMPLAINT

SunTrust Bank ("SunTrust"), by and through counsel, states the following for its Complaint against Taylormade Creations, Inc., Patrick Fultz, Steve Fultz, and Steven A. Hooper.

## IDENTIFICATION OF PARTIES

1.     SunTrust is a Georgia banking corporation which is authorized to transact business in the State of Tennessee.

2.     Taylormade Creations, Inc. ("Taylormade") is a Florida corporation, having its principal place of business at 7108 Crossroads Blvd., #308, Brentwood, Tennessee 37027. Its registered agent for service of process is Steven A. Hooper at 7108 Crossroads Blvd., #308, Brentwood, Tennessee 37027.

3.     Patrick Fultz is a Tennessee resident, living at 12430 Somersworth Drive, Knoxville, Tennessee 37934, where he may be served with process.

4.     Steve Fultz is a Tennessee resident, living at 205 Wyndham Hill Road, Knoxville, Tennessee 37934, where he may be served with process.

5. Steven A. Hooper is a Florida resident, living at 30135 Rainey Road, Sorrento, Florida 32776, where he may be served with process.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that the action is between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

7. This Court has personal jurisdiction over the parties because they have consented to the same in the documents that form the basis of this suit.

8. Venue is proper in this District because the parties have agreed to the same in the documents that form the basis of this suit.

## FACTUAL BACKGROUND

9. On or about January 28, 2009, SunTrust made a loan to Taylormade evidenced by a Commercial Note in the principal amount of $250,000.00 payable to SunTrust (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A** and is incorporated herein by reference. The interest rate on the Note was a fixed rate of 6.00% per annum, calculated on a 360 day basis. Upon default, the Note entitles SunTrust to increase the interest rate to 10.0% per annum.

10. Pursuant to the terms of the Note, Taylormade committed to repay the funds borrowed under the Note in 59 consecutive monthly installments of principal and interest of $4,842.53, payable on the 23rd day of each month, beginning February 23, 2009, and a final payment equal to the unpaid balance plus accrued and unpaid interest and any other amounts owed due and payable on January 23, 2014.

2

11. On March 10, 2009, Taylormade and SunTrust entered into a Visa Commercial Card Agreement (the "Credit Card Agreement") establishing a credit line for Taylormade under which Taylormade was issued company Visa commercial cards. A true and correct copy of the Credit Card Agreement is attached hereto as **Exhibit B**.

12. Pursuant to the terms of the Credit Card Agreement, SunTrust periodically loaned funds to Taylormade on a revolving basis.

13. Pursuant to the terms of the Credit Card Agreement, Taylormade agreed that it would pay in full the charges and fees detailed on the periodic statements issued by SunTrust.

14. Pursuant to a Security Agreement executed on January 23, 2009, Taylormade pledged certain collateral as security for all monetary obligations owed from Taylormade to SunTrust. Specifically, Taylormade pledged "[a]ll assets of [Taylormade]... including but not limited to, all Accounts, Inventory, furniture, fixtures and Equipment, goods, deposit accounts, instruments, documents, commercial tort claims, letter of credit rights, investment property, chattel paper and General Intangibles... ." A true and correct copy of the Security Agreement is attached hereto as **Exhibit C** and is incorporated herein by reference. SunTrust's security interest has been properly perfected.

15. On or about January 16, 2008, Patrick Fultz executed an Unconditional Guaranty (the "Patrick Fultz Guaranty") in favor of SunTrust whereby Patrick Fultz absolutely and unconditionally guarantied, among other things, all of Taylormade's payment obligations under the Note and the Credit Card Agreement. A true and correct copy of the Patrick Fultz Guaranty is attached hereto as **Exhibit D** and is incorporated herein by reference.

16. On or about January 16, 2008, Steve Fultz executed an Unconditional Guaranty (the "Steve Fultz Guaranty") in favor of SunTrust whereby Steve Fultz absolutely and

3
CHD-575836-1  Case 1:11-cv-00132-PLR-SKL   Document 1   Filed 05/16/11   Page 3 of 8   PageID #: 3

unconditionally guarantied, among other things, all of Taylormade's payment obligations under the Note and the Credit Card Agreement. A true and correct copy of the Steve Fultz Guaranty is attached hereto as **Exhibit E** and is incorporated herein by reference.

17. On or about January 16, 2008, Steven A. Hooper executed an Unconditional Guaranty (the "Hooper Guaranty") in favor of SunTrust whereby Mr. Hooper absolutely and unconditionally guarantied, among other things, all of Taylormade's payment obligations under the Note and the Credit Card Agreement. A true and correct copy of the Hooper Guaranty is attached hereto as **Exhibit F** and is incorporated herein by reference.

18. The Note, the Credit Card Agreement, and the Guaranties entitle SunTrust to collect all costs and expenses, including reasonable attorney fees, incurred by SunTrust in collecting on the Note, the Credit Card Agreement, and the Guaranties.

19. Taylormade defaulted on its obligations under the Note and the Credit Card Agreement by failing to make the required payments.

20. As a result of Taylormade's default and in accordance with the express terms of the Note, SunTrust has accelerated the entire indebtedness due under the Note.

21. Patrick Fultz, Steve Fultz, and Steven A. Hooper have each failed to pay SunTrust all amounts due and owing by Taylormade under the Note and the Credit Card Agreement as required under the terms of the Patrick Fultz Guaranty, the Steve Fultz Guaranty, and the Hooper Guaranty.

22. On or about January 6, 2011, SunTrust provided notice of default (the "Notice") under the Note and the Credit Card Agreement to Taylormade, Patrick Fultz, Steve Fultz, and Steven A. Hooper. A true and correct copy of the Notice is attached hereto as **Exhibit G**.

23. As of May 15, 2011, the total amount due under the Note was $214,136.88, which consisted of $199,979.44 in principal and $7,345.80 in interest, and late fees. Interest continues to accrue at the Default Rate of 10.0% per annum, or $55.55 per diem.

24. As of May 15, 2011, the total amount due under the Credit Card Agreement was $115,573.62, which consisted of $111,936.09 in principal and $3,637.53 in interest and late fees. Interest continues to accrue at the default rate of 10.0% per annum, or $31.09 per day.

25. As of May 15, 2011, the total amount due under the Patrick Fultz Guaranty, the Steve Fultz Guaranty, and the Hooper Guaranty was $329,710.50. This amount continues to accrue at the t rate of 86.64% per day.

26. In addition, Taylormade, Patrick Fultz, Steve Fultz and Steven A. Hooper are responsible for SunTrust's reasonable attorney fees, legal expenses, and other costs of collection. This debt is presently due and owing to SunTrust by Taylormade, Patrick Fultz, Steve Fultz and Steven A. Hooper, against which there are no proper credits, set-offs, or counterclaims.

### COUNT I – BREACH OF CONTRACT BY TAYLORMADE

27. All preceding allegations are hereby adopted and incorporated by reference as if fully restated herein.

28. The Note is a valid, enforceable contract.

29. The Credit Card Agreement is a valid, enforceable contract.

30. Taylormade has failed to meet its payment obligations under the Note and the Credit Card Agreement and is in default thereunder.

31. Taylormade's failure to meet its payment obligations under the Note and the Credit Card Agreement constitutes a breach of contract.

5

32. SunTrust has suffered damages as set forth above as a proximate result of Taylormade's breach of the Note and the Credit Card Agreement.

## COUNT II – BREACH OF CONTRACT BY PATRICK FULTZ

33. All preceding allegations are hereby adopted and incorporated by reference as if fully restated herein.

34. The Patrick Fultz Guaranty is a valid, enforceable contract.

35. The Patrick Fultz Guaranty obligates Patrick Fultz to pay SunTrust all amounts due and owing under the Note and Credit Card Agreement.

36. Patrick Fultz's failure to pay SunTrust all amounts due and owing under the Note and the Credit Card Agreement constitutes a breach of the Patrick Fultz Guaranty.

37. SunTrust has suffered damages as set forth above as a proximate result of Patrick Fultz's breach of the Patrick Fultz Guaranty.

## COUNT III – BREACH OF CONTRACT BY STEVE FULTZ

38. All preceding allegations are hereby adopted and incorporated by reference as if fully restated herein.

39. The Steve Fultz Guaranty is a valid, enforceable contract.

40. The Steve Fultz Guaranty obligates Steve Fultz to pay SunTrust all amounts due and owing under the Note and the Credit Card Agreement..

41. Steve Fultz's failure to pay SunTrust all amounts due and owing under the Note and the Credit Card Agreement constitutes a breach of the Steve Fultz Guaranty.

42. SunTrust has suffered damages as set forth above as a proximate result of Steve Fultz's breach of the Steve Fultz Guaranty.

## COUNT IV – BREACH OF CONTRACT BY STEVEN A. HOOPER

43. All preceding allegations are hereby adopted and incorporated by reference as if fully restated herein.

44. The Hooper Guaranty is a valid, enforceable contract.

45. The Hooper Guaranty obligates Steven A. Hooper to pay SunTrust all amounts due and owing under the Note and the Credit Card Agreement..

46. Steven A. Hooper's failure to pay SunTrust all amounts due and owing under the Note and the Credit Card Agreement constitutes a breach of the Hooper Guaranty.

47. SunTrust has suffered damages as set forth above as a proximate result of Steven A. Hooper's breach of the Hooper Guaranty.

**WHEREFORE**, SunTrust prays as follows:

A. That process issue and that Taylormade, Patrick Fultz, Steve Fultz and Steven A. Hooper each be required to answer this Complaint within the time provided by law;

B. That judgment be entered in favor of SunTrust against Taylormade, Patrick Fultz, Steve Fultz and Steven A. Hooper, jointly and severally, in the amount of $329,710.50, plus additional interest accruing at the Default Rate since May 15,2011;

C. That SunTrust be awarded its reasonable attorney fees, legal expenses, and costs of collection;

D. That Plaintiff be awarded pre-judgment and post-judgment interest at the maximum rate afforded under the Note, the Credit Card Agreement Guaranties, and applicable law;

E. That all costs be taxed against Taylormade, Patrick Fultz, Steve Fultz and Steven A. Hooper, jointly and severally; and

F.  That this Court provide SunTrust with such other legal and equitable relief as it deems proper and appropriate.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: _____
Scott M. Shaw (BPR # 019171)
Caroline B. Stefaniak (BPR # 025710)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.757.5419
Facsimile: 423.266.5499
Email: scott.shaw@huschblackwell.com
Email: carrie.stefaniak@huschblackwell.com

***Counsel for SunTrust Bank***