# HUSCH BLACKWELL

Laura F. Ketcham
Attorney

736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Direct: 423.755.2673
Fax: 423.266.5499
laura.ketcham@huschblackwell.com

January 6, 2011

**VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED
No. 7010 1060 0000 2751 6121
AND U.S. MAIL**
Taylormade Creations, Inc.
7108 Crossroad Blvd.
Suite 308
Brentwood, TN 37027-7900

**VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED
No. 7010 1060 0000 2751 6138
AND U.S. MAIL**
Taylormade Creations, Inc.
6790 Edgewater Commerce Parkway
Orlando, FL 32810

**VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED
No. 7010 1060 0000 2751 6145
AND U.S. MAIL**
Taylormade Creations, Inc.
c/o Steven A. Hooper
30135 Rainey Road
Sorrento, FL 32776

**VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED
No. 7010 1060 0000 2751 6152
AND U.S. MAIL**
Taylormade Creations, Inc.
c/o Steven A. Hooper
7108 Crossroad Blvd.
Suite 308
Brentwood, TN 37027-7900

**VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED
No. 7010 1060 0000 2751 6169
AND U.S. MAIL**
Patrick Fultz
12430 Somersworth Drive
Knoxville, TN 37934

**VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED
No. 7010 1060 0000 2751 6176
AND U.S. MAIL**
Steve Fultz
205 Windham Hill Road
Knoxville, TN 37934

**VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED
No. 7010 1060 0000 2751 6183
AND U.S. MAIL**
Steven A. Hooper
30135 Rainey Road
Sorrento, FL 32776

CHD-561264-2
HUSCH BLACKWELL
Case 1:11-cv-00132-PLR-SKL   Document 1-7   Filed 05/16/11   Page 1 of 4   PageID #: 49

EXHIBIT C

# HUSCH BLACKWELL

## NOTICE OF DEFAULT, ACCELERATION AND DEMAND FOR PAYMENT

| | | |
|---|---|---|
| RE: | LENDER: | SunTrust Bank |
| | BORROWER: | Taylormade Creations, Inc. |
| | GUARANTORS: | Steven A. Hooper<br>Steve Fultz<br>Patrick Fultz |
| | LOAN DOCUMENTS: | Commercial Note ("Note 26") in the original principal amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) dated January 23, 2009, executed by Borrower in favor of Lender; Commercial Note ("Note 34") in the original principal amount of Two Hundred Seventy-Three Thousand Five Hundred Fifty-Three and 05/100 Dollars ($273,553.05) dated January 23, 2009, executed by Borrower in favor of Lender; Security Agreement executed by Borrower in favor of Lender, dated January 23, 2009; Visa Commercial Card Agreement ("Purchase Card Agreement") dated March 10, 2009 by Borrower and executed by Borrower in favor of Lender; Unconditional Guaranty of Patrick Fultz, dated January 16, 2008; Unconditional Guaranty of Steve Fultz, dated January 16, 2008; Unconditional Guaranty of Steven A. Hooper, dated January 16, 2008; the foregoing, together with all such other documents, instruments and certificates executed by Borrower or Guarantors in connection therewith, as the same may have been modified, amended, restated or supplemented from time to time, the "Loan Documents". |
| | AMOUNTS DUE: | **Note 26:** |

As of December 30, 2010:

| | | |
|---|---|---|
| Principal: | $ | 186,212.89 |
| Interest: | $ | 5,959.79 |
| Late Charges: | $ | 1,494.76 |
| Attorney Fees: | $ | Accruing |
| **Total Amount Due for Note 26:** | **$** | **193,667.44+** |
| Per Diem: | $ | 31.03548 |

### Note 34:

As of December 30, 2010:
| | | |
|---|---|---|
| Principal: | $ | 199,979.44 |
| Interest: | $ | 5,332.79 |
| Late Charges: | $ | 846.45 |
| Attorney Fees: | $ | Accruing |
| **Total Amount Due for Note 34:** | $ | **206,158.68+** |
| Per Diem: | $ | 33.32991 |

### Purchase Card Agreement:

As of January 5, 2011:
| | | |
|---|---|---|
| Balance: | $ | 111,936.09 |
| Late Fees: | $ | Accruing |
| Attorney Fees: | $ | Accruing |
| **Total Due for Purchasing Card:** | $ | **111,936.09+** |

Dear Sirs:

    I am writing to give Borrower and Guarantors notice that Borrower and Guarantors are in default under the Loan Documents for failure to make payments when due. Therefore, demand is hereby made on Borrower and Guarantors to immediately pay all amounts outstanding listed above, together with all costs and expenses, including reasonable attorney fees, incurred by Lender under the Loan Documents (the "Obligations") on or before **January 18, 2011**. If Borrower or Guarantors fail to pay the total amount due under the Loan Documents by this date, Lender will begin pursuing its remedies under the Loan Documents and/or at law including, but not limited to, litigation.

    I am also writing to confirm that Lender has declared that Note 26 and Note 34 shall accrue interest beginning on January 18, 2011 at the default rate allowed under the Loan Documents (the "Default Rate"), which for Note 26 and Note 34 is equal to ten percent (10%) per annum. The balances listed above for Note 26 and Note 34 shall accrue interest at the Default Rate until finally and indefeasibly paid in full. The balance listed above for the Purchase Card Agreement shall continue to be assessed a Late Payment Fee and any other fees as described therein. Please contact me for an updated payoff amount as of the day you intend to satisfy the Obligations. In addition, Lender has and may continue to incur costs and expenses, including attorney fees and expenses as may be chargeable to Borrower and Guarantors under the Loan Documents. From and after the date of this letter, Lender may in its discretion make demand on Borrower and Guarantors for immediate payment of such costs and expenses as provided under the Loan Documents.

HUSCH BLACKWELL LLP

Please also note that, under the terms of the Loan Documents as well as applicable law, Lender has certain other rights and remedies with respect to the defaults and Lender is presently evaluating all available courses of action relating to the defaults, including litigation. Accordingly, without waiving the defaults, Lender reserves all of its rights and remedies under the Loan Documents and applicable law and Lender's voluntary forbearance, if any, from exercising any of such rights or remedies is not intended (and should not be construed) as a waiver of the defaults or a waiver of its rights and remedies with respect to them, all of which are reserved by Lender.

We are also writing to notify Borrower and Guarantors that Lender will require strict compliance with each and every term and condition of the Loan Documents by Borrower and Guarantors. Without limiting the generality of the preceding sentence, Lender expects that Borrower and Guarantors will cooperate fully with Lender by, among other things, responding truthfully and completely to Lender's requests for information about Borrower and Guarantors and their assets, and assembling and turning over all collateral as and when requested by Lender and its agents.

Nothing contained in this letter or any delay on the part of Lender in exercising any of its rights and remedies under the Loan Documents or applicable law shall be considered to be a waiver or modification thereof, or an election of remedies by Lender.

Please contact me if you have any questions regarding any of the matters addressed in this letter.

Sincerely,

*Laura F. Ketcham /ak*

Laura F. Ketcham

cc: Mr. Dave Richardson