# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SUNTRUST BANK, | ) |
| *Plaintiff*, | ) NO. 1:11-CV-132 |
| vs. | ) |
| | ) HON. THOMAS W. PHILLIPS |
| PATRICK FULTZ and STEVE FULTZ, | ) UNITED STATES DISTRICT JUDGE |
| *Defendants*. | ) |

## MOTION TO DISMISS THIRD PARTY COMPLAINT

Comes now the Third-Party Defendants, Steve Hooper, Heather Hooper, Chris Hooper and Patricia Hooper, by and through counsel, and pursuant to Fed. R. Civ. P. 14, respectfully move this Court for an order dismissing the Third-Party Complaint filed against them by Third-Party Plaintiffs Patrick Fultz and Steve Fultz.[1]  In support of their motion, Third-Party Defendants would show as follows:

1. Rule 14 of the Federal Rules of Civil Procedure allow a defendant in an main action to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." See Fed. R. Civ. P. 14.

2. As the Sixth Circuit has recognized, a third-party pleading "is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party

---

[1] Third-Party Defendant Patricia Hooper filed a Motion for Summary Judgment on the grounds that the Court lacks personal jurisdiction over her.  The Third-Party Defendants' Motion to Dismiss Third-Party Complaint, as it pertains to Third-Party Defendants Patricia Hooper, is filed alternatively, and in addition to, the aforementioned Motion for Summary Judgment.  Third-Party Defendant Patricia Hooper specifically reserves, and does not waive in any manner whatsoever, her ability to further contest personal jurisdiction, which is wholly unrelated to the outcome of Third-Party Defendants' Motion to Dismiss.

defendant to be impleaded." *See Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).

3. In the present case, the main action between Plaintiff SunTrust Bank and Defendants Patrick and Steve Fultz arise out of whether the Fultzes are to be held liable on personal guarantees executed in favor of Suntrust. (Court File No. 5, Count II and Count III.)

4. In contrast, however, the claims brought by the Fultzes in their capacity as Third-Party Plaintiffs involve claims alleging implied partnership, fraud, misrepresentation, misappropriate of corporate funds, as well as perhaps claims of breach of fiduciary duty.

5. The liability of the Third-Party Defendants to the Third-Party Plaintiffs is in no way dependent upon the outcome of the main claim with SunTrust. For example, Third-Party Plaintiffs could prevail in their claim against SunTrust, but their claims against the Third-Party Defendants would not be resolved in that process.

6. Moreover, the claims have arisen at different times and in different places than SunTrust's claim against the Fultzes. Indeed, none of the concerns justifying a Rule 14 impleader is present in this case, including duplication in the presentation of evidence or an increase in the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof. That the Third-Party Plaintiffs are seeking $500,000—an amount far in excess of their alleged liability to SunTrust—shows clearly how independent their claims are against the Third-Party Defendants.

**WHEREFORE**, for the foregoing reasons, the Third-Party Defendants respectfully request that this Court dismiss the third-party claim against them. Alternatively, Third-Party Defendants respectfully move for this Court to sever the third-party claims from the main action. Finally, pursuant to Fed. R. Civ. P. 10(c), the Third-Party Defendants also incorporate a memorandum of law herein by reference.

Respectfully submitted,

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

By: s/ Tom Greenholtz
    Tom Greenholtz, (BPR # 020105)
    Luke H. Neder (BPR # 028444)
1000 Tallan Building
Two Union Square
Chattanooga, Tennessee 37402-2500
Phone: (423) 756-3000
Fax: (423) 265-9574

*Attorneys for Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access the filing through the Court's electronic filing system.

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

By: s/ Tom Greenholtz